1
2
3
4
5
6
7
8
9
10
11
12
13
14

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEPHANIE BALSAMO,

 *Petitioner*,

vs.

STATE OF NEVADA, *et al.,*

 *Respondents*.

2:13-cv-01053-APG-GWF

**O R D E R**

15   This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's
16  application (#1) to proceed *in forma pauperis*, motion (#2) for leave to file excess pages, and
17  motion (#3) for appointment of counsel, as well as for initial review of the papers presented
18  pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

19   The papers presented are subject to multiple defects.

20   First, petitioner has not properly commenced the action with a proper application to
21  proceed *in forma pauperis*.  Under Local Rule LSR 1-1, a person seeking pauper status must
22  apply on the Court's required form.  The pauper application presented in this matter is an
23  amalgam of incomplete papers from a long-superceded pauper application from this Court,
24  a pauper application for a federal appeal, state court papers, and other papers of unknown
25  origin.  Petitioner must instead use the current form from this Court and only that form.

26   Second, petitioner in any event did not attach the financial documents required for an
27  inmate to demonstrate pauper status.  Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2,
28  petitioner must attach both an inmate account statement for the past six months and a

1  properly executed financial certificate with the pauper application.  The financial certificate

2  attached was not from the required form, and petitioner did not attach an inmate account

3  statement for the prior six months.

4      Third, petitioner further did not use the Court's required petition form to state her

5  claims.  Under Local Rule LSR 3-1, a petitioner must file the petition on the Court's required

6  § 2254 petition form.  In the present petition, petitioner, similar to the pauper application, used

7  a hodgepodge of various handwritten pages and pages from other forms together with,

8  occasionally, pages from the required form.  She further incorporated materials by reference

9  and/or relied upon a separate supporting memorandum to state her claims.  Petitioner must

10  use the Court's form, and only that form, to state her claims, using the required petition form

11  itself without incorporation of other materials or reliance on additional memoranda.

12      Due to the multiple defects presented, the pauper application will be denied without

13  prejudice and the present action will be dismissed without prejudice to the filing of a new

14  petition in a new action with a pauper application with all required attachments.   It does not

15  appear that a dismissal without prejudice would materially affect a later analysis of either the

16  timeliness issue or other procedural issues in a promptly filed new action.[1]

17  _____

18      [1]The papers on file and the online docket records of the Nevada state courts reflect the following.
19  *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1132-32 (9th Cir. 2012)(a federal court may take judicial notice of matters of public record, including documents on file in federal or state courts).

20      Petitioner Stephanie Balsamo a/k/a Stephanie Wallace, seeks to challenge her Nevada state court
21  judgment of conviction, pursuant to a jury verdict and as amended, of nine counts of burglary, one count of conspiracy to use a cheating device, twelve counts of possession of a cheating device, two counts of use of a
22  cheating device, and one count of possession or sale of a document of personal identifying information to establish false status or identity.

23      The Supreme Court of Nevada affirmed in part and reversed in part in a decision on rehearing filed
24  on May 10, 2010, in No. 52235.  The ninety-day time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on August 10, 2010.  See S.Ct.R. 13(3).

25      The amended judgment of conviction, however, was not filed on remand until September 13, 2010.
26  The time to appeal from the amended judgment of conviction expired on October 13, 2010.

27      In the interim, Balsamo filed a state post-conviction petition on September 3, 2010.  The state courts
28  denied relief, and the remittitur on the post-conviction appeal in No. 58246 issued on March 21, 2012.

(continued...)

1    All pending motions will be denied without prejudice following upon the dismissal

2    without prejudice.

3    With regard to the motion (#3) for appointment of counsel, the Court does not find that

4    the interests of justice require the appointment of counsel in this particular action under 18

5

6    [1](...continued)

7    Petitioner thereafter filed a second state post-conviction petition on or about April 10, 2012. The state
     courts denied the petition as, *inter alia*, untimely; and the remittitur on the second state post-conviction appeal

8    issued in No. 61289 on May 7, 2013.

9    According to the papers presented, petitioner mailed the federal petition for filing on or about May 22,
     2013, although the Court notes that the petition was received and filed on June 13, 2013. Petitioner is held in

10   a facility in North Las Vegas.

11   The Court assumes, *arguendo*, to petitioner's benefit, that the one-year federal limitation period did
     not begin to run until the issuance of the remittitur concluding the first state post-conviction appeal on March

12   21, 2012. It does not appear on the current review that direct review concluded for purposes of 28 U.S.C. §
     2244(d)(1)(A) prior to the expiration of the time period for filing a direct appeal from the amended judgment of

13   conviction on remand, on October 13, 2010. Prior to that date, petitioner had filed her first state petition,
     which statutorily tolled the running of the federal limitation period under § 2244(d)(2) through the issuance of

14   the March 21, 2012, remittitur on the post-conviction appeal. (Even without this *arguendo* assumption, less
     than a month would have elapsed between the August 10, 2010, expiration of the time for filing a petition for a

15   writ of *certiorari* and the September 3, 2010, filing of the first state petition.)

16   More than a year elapsed, however, between the March 21, 2012, issuance of the remittitur on the
     first state post-conviction appeal and the May 22, 2013, putative constructive filing date of the federal petition.

17   Under established law, the untimely second state petition did not statutorily toll the running of the federal
     limitation period during its pendency. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Under *Pace*, the state

18   supreme court's holding that the second state petition was untimely literally is the "end of the matter" with
     regard to the application of the statutory tolling provision in § 2244(d)(2). 544 U.S. at 414.

19

20   Accordingly, even indulging the most liberal *arguendo* assumptions regarding the calculation of the
     running of the federal limitation period, the limitation period expired on its face prior to the constructive filing of

21   the present action, absent additional tolling or delayed accrual. A dismissal of the present action without
     prejudice thus would not materially impact the analysis of the limitation issue with regard to a properly-filed

22   new action. Petitioner would have to rely upon substantially more than the May 22, 2013, putative filing date
     in the present action to establish timeliness – in a situation where the filing of a second state petition in the

23   interim would tend to clearly establish that petitioner was capable of seeking judicial relief during that time.

24   Petitioner's federal action in No. 2:13-cv-00961-JCM-NJK does not lead to any contrary conclusion.
     First, petitioner represented that the papers in that action were mailed on May 28, 2013, *after* the putative

25   mailing date of the papers in this action. Second, the bare notice of appeal filed in that action does not in any
     event actually assert any claims to which claims in a later federal filing *arguendo* could relate back.

26

27   The online docket records of the state district court and state supreme court may be accessed from:

28   https://www.clarkcountycourts.us/Anonymous/default.aspx
     http://caseinfo.nvsupremecourt.us/public/caseSearch.do

U.S.C. § 3006A(a)(2)(B).  Nothing in either the boilerplate form motion or the remaining papers submitted leads to a contrary conclusion.  Federal habeas matters generally are pursued *pro se*, and there is no constitutional right to appointment of counsel in such a case.  Further, neither being indigent nor being a lay person automatically requires a discretionary appointment of counsel.

The Court further notes in this regard that, as a practical matter, the sentence structure under the amended judgment of conviction exposes petitioner to essentially seven consecutive 12 to 48 month sentences.[2]  If she were to obtain an institutional parole on each sentence at the approximately annual minimum intervals from the 2008 original judgment of conviction forward, she could be eligible for a non-institutional parole outside of prison potentially as early as 2015.[3]  In that circumstance, the maximum sentence "tail" that she then would face on an *arguendo* final, non-institutional parole would be 36 months.  The prospect that, relatively speaking, a petitioner does not face extensive incarceration (at least compared to a life sentence or a sentence necessarily to decades of incarceration) is a factor that tends to weigh against a discretionary grant of appointment of federal habeas counsel, absent other circumstances not evident here.

The motion (#2) for leave to file excess pages would not have been granted even if petitioner otherwise had used the required petition form.  For each ground, petitioner inserts yet another hodgepodge of multiple pages from various state court filings, also including the State's opposition papers and the related portions of the state court decisions.  Petitioner may not allege claims by such a discontinuous "file dump" of related state court filings.  She instead must coherently and specifically allege her claims within the required petition form.  Review of the papers presented in this improperly commenced action reflects that petitioner could state her twelve grounds with the required specificity in far, far less than 198 pages.

_____

[2]See #1-3, at electronic docketing pages 79-82 (amended judgment of conviction).

[3]The state corrections department website reflects that petitioner indeed has been considered for parole on approximately annual intervals since 2008, and the state parole board website further reflects that petitioner was granted an institutional parole at her most recent consideration opportunity in March 2013.

1    IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis*

2  is DENIED without prejudice and that this action shall be DISMISSED without prejudice to the

3  filing of a new petition in a new action with a properly completed pauper application with all

4  required financial attachments.[4]

5    IT FURTHER IS ORDERED that all pending motions are DENIED without prejudice.

6    IT FURTHER IS ORDERED that a certificate of appealability is DENIED.  Jurists of

7  reason would not find the dismissal of this improperly-commenced action without prejudice

8  to be debatable or wrong.  The current dismissal will not materially impact the analysis of

9  either the timeliness issue or other procedural issues in a promptly filed and properly

10 commenced new action.  See note 1, *supra.*

11    The Clerk shall SEND petitioner two copies each of an application form to proceed *in*

12 *forma pauperis* for incarcerated persons and a noncapital  § 2254 habeas petition form, one

13 copy of the instructions for each form, and a copy of all papers that she submitted.

14    The Clerk shall enter final judgment accordingly, dismissing this action without

15 prejudice.

16    DATED: June 17, 2013.

17

18

19                                                        _____

20                                                        ANDREW P. GORDON
                                                         United States District Judge

21

22

23

24

25

26  _____

27    [4]The State of Nevada further is not a proper respondent in a federal habeas action.  The State may
    not be sued directly in federal court, regardless of the relief sought, due to the state sovereign immunity
    recognized by the Eleventh Amendment.  *See, e.g., Pennhurst State School & Hospital v. Halderman,* 465
28  U.S. 89, 100-01 (1984).  Petitioner in any event named the warden of her institution also as a respondent.